**Leroy J. LEBLANC, Appellant,**

v.

**GLASER CONSTRUCTION COMPANY, Inc. and Bay Contractors, Inc., Appellees.**

**No. 19809.**

United States Court of Appeals Fifth Circuit.

Dec. 11, 1962.

Nolan J. Edwards, Edwards & Edwards, Crowley, La., for plaintiff-appellant.

Edward Dubuisson, Dubuisson & Dubuisson, and William A. Brinkhaus, Opelousas, La., for defendants-appellees.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This appeal from a judgment in a suit for damages presents, as its principal complaint of error the instruction of the district court that plaintiff could not recover for loss of wages because he was not claiming any such loss, whereas the complaint specifically alleged as one of his items of damage "the loss of earnings, $130,000.00."

Apparently in so instructing the jury, the judge confused the action for damages which plaintiff had submitted to the jury with his action for maintenance and cure. Whatever was the cause, however, of the confusion, the instruction was erroneous.

The appellees, complaining that the plaintiff failed to properly bring up and present his appeal because of his failure to bring the whole record up and that he failed to serve them with notice of designation of the contents of the record on appeal, urge upon us that the appeal should be dismissed because of the incomplete state of the record. Contending in addition that plaintiff has suffered no injury because a verdict should have been directed in defendants' favor, appellees argue that plaintiff had a fair trial which resulted in a verdict in his favor to which he was not entitled and that he is not entitled to have the case retried.

In view of the plain error of the instruction appellant complains of, it is clear that the plaintiff has had no real trial of his cause and that the judgment must be reversed and the cause remanded for trial anew.

Reversed and remanded.